FILED

Robert F. Brennan, Esq. [S.B. #132449]
LAW OFFICES OF ROBERT F. BRENNAN, A P.C.
3150 Montrose Ave.
La Crescenta, Ca. 91214

[818] 249-5291
FAX [818] 249-4329
Email: rbrennan@brennanlaw.com

Attorney for Plaintiff Fred J. Peters

2012 OCT 23 PM 2: 14

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

FRED J. PETERS, an Individual;

    Plaintiff,

vs.

EQUIFAX INFORMATION SERVICES LLC, is a Corporation; EXPERIAN INFORMATION SOLUTIONS INC, a corporation; DISCOVER BANK, is a business entity; form unknown; SST/CIGPF1CORP, an unknown business entity and DOES 1-10, Inclusive,

    Defendants.

Case No.: EDCV12-1837-TJH (OPx)

**COMPLAINT FOR DAMAGES:**

1. FAIR CREDIT REPORTING ACT.
2. CALIFORNIA IDENTITY THEFT LAW.
3. ROSENTHAL DEBT COLLECTION PRACTICES ACT.
4. CALIFORNIA CONSUMER CREDTI REPORTING AGENCIES ACT

**JURY TRIAL DEMANDED.**

Plaintiff alleges:

1. Plaintiff FRED J. PETERS ("Plaintiff") is a resident of County of Riverside, State of California.

2. Defendants EQUIFAX INFORMATION SERVICES LLC ("EQUIFAX"), EXPERIAN INFORMATION SOLUTIONS INC. ("EXPERIAN") are business entities, forms unknown, doing business in the State of California as

COMPLAINT FOR DAMAGES

credit bureaus which receive negative credit information about consumers and which then publish such information in credit reports available to its subscribers. Collectively, these defendants will be referred to as "credit bureau defendants" or "credit agency defendants. DISCOVER FINANCIAL SERVICES ("DISCOVER") is a creditor which, among other activities, reports allegedly delinquent debts to credit bureaus and is a "furnisher" under the Fair Credit Reporting Act.

3. Defendants SST/CIGPF1CORP ("SST") is a collection agency which, among other activities, reports allegedly delinquent debts to credit bureaus and is a "furnisher" under the Fair Credit Reporting Act.

4. Defendants DOES 1-10 are individuals and business entities, form unknown, doing business in the State of California as credit reporting agencies, debt collection agencies, creditors or other persons or entities which engage in credit reporting and/or debt collection. DOES 1-10, Inclusive, includes individuals or business entities doing business in the State of California as credit reporting agencies, debt collectors and/or creditors who have refused to delete accounts of plaintiff that were procured through identity theft, mixed file or other manner of recording an inaccurate credit account, even after plaintiff has notified them of the false or inaccurate derogatory, and also who have reported such accounts as derogatory credit references to credit reporting agencies.

5. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of Defendants sued herein as Does 1 through 10, inclusive, under the provisions of Section 474 of the California Code of Civil Procedure. Plaintiff is informed and believes and on that basis alleges that Defendants Does 1 through 10, inclusive, are in some manner responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants or as its agents, servants, employees and/or joint

COMPLAINT FOR DAMAGES

venturers and as set forth in this complaint, and that each of them are legally liable to Plaintiff, as set forth below and herein:

    a) Said Officers, directors or managing agents of Defendants personally acted willfully with respect to the matters alleged in this complaint;

    b) Said officers, directors or managing agents of Defendants personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of Defendants did so act;

    c) Said officers, directors or managing agents of Defendants personally participated in the acts alleged herein of Defendants;

    d) Said Officers, directors or managing agents of Defendants personally had close supervision of their agents, servants, employees and/or joint venturers of Defendants;

    e) Said Officers, directors or managing agents of Defendants personally were familiar with the facts regarding the matters alleged herein;

    f) Said Officers, directors or managing agents of Defendants personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the herein alleged actions and failed to redress the harm done to Plaintiffs. Further, said Officers, directors, or managing agents of Defendants failed and refused to punish or discharge the said agents, servants, employees and/or joint venturers of Defendants, even after learning of the acts of the agents, servants, employees and/or joint venturers of Defendants. Plaintiffs will seek leave to amend this complaint to set forth the true names and capacities of said fictitiously named Defendants as enumerated above, together with appropriate charging allegations, when learned.

    6. Plaintiff is informed and believes, and thereon alleges that at all relevant times herein each Defendant, whether actually or fictitiously named, was the principal, joint venturer, agent, servant or employee of each other Defendant, and

1  in acting as such within the course, scope and authority of such relationship, took
2  some part in the acts and omissions hereinafter set forth, by reason of which each
3  Defendant is liable to Plaintiff for the relief prayed for in this complaint, and any
4  future amended complaint.  Further, Plaintiff alleges that each act alleged herein,
5  whether by a named Defendants or fictitiously named Defendants or otherwise,
6  was expressly authorized or ratified, as these terms are used in California Civil
7  Code Section 3294(b), by each and every other Defendant herein, whether named
8  or fictitiously named.

## FIRST CAUSE OF ACTION
### [VIOLATION OF THE FAIR CREDIT REPORTING ACT AGAINST ALL DEFENDANTS]

7. Plaintiff re-alleges and incorporates all preceding paragraphs as though set forth in full in this cause of action.

8. Plaintiff is a consumer as this term is defined by 15 U.S.C. Sec. 1681a(c) of the Fair Credit Reporting Act.  All defendants are "furnishers" as defined by 15 U.S.C. 1681s-2 of the Fair Credit Reporting Act, except, EQUIFAX and EXPERIAN and each of the credit bureau defendants who are "consumer reporting agencies" as that term is defined in 15 U.S.C. Section 1681a (f).

9. Plaintiff is a 72 year old man who has owned and operated East West Truck and Repair since 1993 in Nuevo California. Due to fraud and identity theft Plaintiff lost the goodwill he had built up over the past 32 years with his vendors and creditors.  Many of his vendors and creditors will now only work with him on a cash basis. Plaintiff lost a great deal of business; he had to lay off employees and has turned down for loans.

10. On or about November 27, 2010, Plaintiff discovered that he was a victim of identity theft. On December 1, 2010, Plaintiff filed a police report.

11. On or about August 29, 2011, Rebecca Markham, Plaintiff's Secretary, was found guilty of fraud and of unauthorized use of Plaintiff's identity. Rebecca Markham was sentenced to three years in state prison by the Honorable Judge Kelly L. Hansen in Riverside Superior Court.

12. Plaintiff called and sent dispute letters to Transunion, EXPERIAN and EQUIFAX disputing several accounts that did not belong to him and requested that they be investigated and removed.

13. On or about June 15, 2012 Plaintiff sent dispute letters to EQUIFAX, Transunion and EXPERIAN providing copies of his police report. Also, Plaintiff attached a copy of the Minute Order from Riverside Superior Court regarding Rebecca Markham, who was found guilty of identity theft to aid them in their investigation.

14. On August 7, 2012, Plaintiff received a credit report from EQUIFAX stating that the DISCOVER and SST accounts were valid therefore would remain under the collection activity section.

15. On October 4, 2012, Plaintiff received a credit report from EXPERIAN that was still reporting the DISCOVER account.

16. Defendants EQUIFAX, EXPERIAN, DISCOVER and SST have refused, despite Plaintiff's phone calls and letters to acknowledge that he was not responsible for the DISCOVER and SST accounts.

17. Plaintiff sent correspondence to EQUIFAX, EXPERIAN, DISCOVER and SST asking that they reinvestigate his account, cease any negative credit reporting and remove his account from collection activity. Only non-party Transunion complied with plaintiff's request to cease the derogatory credit reporting.

18. Plaintiff complied with all requests of each of the Defendants to provide information in order to have the erroneous marks removed from his credit

---

COMPLAINT FOR DAMAGES

reports. Despite the insistence of Plaintiff, the Defendants, and each of them, failed to correct the errors and failed to undertake sufficient investigations upon being notified of the errors. On information and belief, EQUIFAX and EXPERIAN received multiple disputes from Plaintiff and forwarded at least some of the information to DISOCVER and SST thereby triggering a duty of reinvestigation by DISCOVER and SST. (In making this allegation, plaintiff is expressly not admitting that either credit bureau forwarded all relevant information, and is expressly not admitting that the credit bureaus' own investigations were reasonable. Plaintiff alleges the contrary.)

19. Within the past several years, Defendants, and each of them, willfully violated the provisions of the Fair Credit Reporting Act in *at least* the following respects:

a. By willfully and negligently failing, in the preparation of the consumer report concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the report;

b. By willfully and negligently failing to correct, after receiving ample notice, information about the Plaintiff which defendants knew, or should have known, was incomplete and/or inaccurate;

c. By willfully and negligently failing to correct and/or delete the incomplete and inaccurate information in Plaintiff's file after conducting an investigation;

d. By willfully and negligently failing to conduct an adequate investigation of Plaintiff's complaints, and by willfully and negligently failing to implement corrective actions once the outcome of such investigations were known, or should have been known, to the defendants;

e. By willfully and negligently failing to provide subsequent users of the report with the Plaintiff's statement of dispute or a summary thereof;

f. By willfully and negligently changing account numbers and account number designations so as to make reinvestigation and deletion more difficult for the consumer, but in turn more lucrative for bureaus and furnishers because derogatory account information will remain on credit reports longer;

g. By willfully and negligently failing to provide notice to Plaintiff of the furnishing of negative credit information to credit reporting agencies, and,

h. By willfully and negligently failing to provide such information to the credit bureaus indicating the full nature, reasons and extent of Plaintiff's dispute, and thus causing the credit report to the credit bureaus to be inaccurate and incomplete.

20. As a proximate result of the actions of the Defendants, and each of them, Plaintiff has been damaged in an amount which will be proven at time of trial. As provided under the cited law, Plaintiff is entitled to actual damages, pain and suffering, punitive damages, penalties, costs and attorney fees.

21. Plaintiff alleges that defendants, and each of them, have willfully violated FCRA with respect to Plaintiff and towards others similarly situated. Specifically, defendants deliberately have inefficient procedures for correcting their credit files, because they know that a certain number of consumers will either be intimidated or too frustrated to continuously fight back against the constant onslaught of collection activities for invalid debts. Defendants, and each of them, know that a certain number of consumers would rather pay than fight, even if the debt is not actually owed. These defendants know that their systems intimidate consumers so they'll pay debts even if not valid or not completely valid. These facts were not disclosed to the Plaintiff and are not disclosed to the borrowing public at large.

///

///

## SECOND CAUSE OF ACTION
## VIOLATION OF CALIFORNIA IDENTITY THEFT
## LAW, CIV. CODE SECTION 1798.92 et seq.,
## AGAINST DISCOVER, SST AND DOES 1-10, INCLUSIVE.

22. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

23. In continuing credit reporting and debt collection activities against plaintiff after she had reported to them the identity theft situation and after providing them with a police report, DISCOVER, SST and DOES 1-10, Inclusive, willfully violated the California Identity Theft Law, Civ. Code Section 1798.92 et seq.

24. Plaintiff has suffered actual damages, including general, special, incidental and consequential damages, and is also entitled to attorney's fees and costs under the California Identity Theft Law. In addition, plaintiff alleges that defendants DISCOVER, SST and DOES 1-10, Inclusive, specifically violated Civ. Code Section 1798.93 (c) (6), thereby entitling him to a $30,000.00 penalty, in addition to any other damages which may be assessed.

## THIRD CAUSE OF ACTION
## VIOLATION OF CALIFORNIA ROSENTHAL ACT
## AGAINST DISCOVER, SST AND DOES 1-10, INCLUSIVE.

25. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

26. In continuing debt collection and credit-reporting activities after the point where plaintiff notified defendants of the identity theft situation, and after she provided them with a police report of the identity theft, defendants DISCOVER, SST and DOES 1-10, Inclusive, willfully and knowingly violated the

California Rosenthal Act, and specifically violated Civ. Code Section 1788.18.

27. Plaintiff has suffered actual damages, including general, special, incidental and consequential damages, and is also entitled to attorney's fees and costs under the Rosenthal Act. In addition, plaintiff alleges that defendants DISCOVER, SST and DOES 1-10, Inclusive, specifically violated Civ. Code Section 1788.18, thereby entitling him to a statutory penalty, in addition to any other damages which may be assessed.

## FOURTH CAUSE OF ACTION
### [VIOLATION OF CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT AGAINST DISCOVER, SST AND DOES 1-10, INCLUSIVE.]

28. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

29. In committing the false credit reporting and in continuing to falsely credit-report plaintiff after notice from him and from the credit bureaus, defendants DISCOVER, SST and DOES 1-10, Inclusive, have violated Cal. Civ. Code Section 1785.25 (a).

30. As a consequence of these violations, plaintiff has suffered both general and special damages according to proof.

WHEREFORE, Plaintiff prays for judgment as follows:
1. For general and special damages according to proof at trial;
2. For statutory penalties for each separate statutory violation where allowed by statute;
3. For punitive damages against defendants according to proof at trial and

using the applicable punitive damages standards from the involved statutes;

4. For attorney's fees where authorized by statute or law;
5. For costs of suit;
6. For such other relief as the court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL.**

Dated: October 22, 2012   LAW OFFICES OF ROBERT F. BRENNAN, A P.C.

By: _____
Robert F. Brennan
Attorney for Plaintiff

COMPLAINT FOR DAMAGES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Terry J. Hatter and the assigned discovery Magistrate Judge is Oswald Parada.

The case number on all documents filed with the Court should read as follows:

**EDCV12- 1837 TJH (OPx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] Western Division  
312 N. Spring St., Rm. G-8  
Los Angeles, CA 90012

[ ] Southern Division  
411 West Fourth St., Rm. 1-053  
Santa Ana, CA 92701-4516

[X] Eastern Division  
3470 Twelfth St., Rm. 134  
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Robert F. Brennan SBN 132449
LAW OFFICES OF ROBERT F. BRENNAN AP.C.
3150 Montrose Ave.
La Crescenta CA 91214
Tel: 818-249-5291
Fax: 818-249-4329

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED J. PETERS, an Individual;<br><br>PLAINTIFF(S)<br>v.<br>EQUIFAX INFORMATION SERVICES LLC, is a Corporation;<br>EXPERIAN INFORMATION SOLUTIONS INC, a corporation;<br>DISCOVER BANK, is a business entity; form unknown;<br>SST/CIGPFICORP, an unknown business entity and DOES 1-10, Inclusive,<br>DEFENDANT(S). | CASE NUMBER<br><br>EDCV12-1837-TJH (OPx)<br><br>**SUMMONS** |

TO:      DEFENDANT(S): _____

_____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Robert F. Brennan_____, whose address is _3150 Montrose Ave. La Crescenta CA 91214_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __OCT 2 3 2012__          By: _____
                                              Deputy Clerk

                                              *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (12/07)                                    SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
FRED J. PETERS, an Individual;

**DEFENDANTS**
EQUIFAX INFORMATION SERVICES LLC, is a Corporation;
EXPERIAN INFORMATION SOLUTIONS INC, a corporation;
DISCOVER BANK, is a business entity; form unknown; SST/CIGPF1

**(b) County of Residence of First Listed Plaintiff** (Except in U.S. Plaintiff Cases):
Riverside County

**County of Residence of First Listed Defendant** (In U.S. Plaintiff Cases Only):
Los Angeles, California

**(c) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Robert F. Brennan, Esq. SBN 132449
LAW OFFICES OF ROBERT F. BRENNAN AP.C.
3150 Montrose Ave.
La Crescenta, CA 91214  Telephone 818-249-5291

**Attorneys** (If Known)

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:**  JURY DEMAND: ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION** under F.R.C.P. 23: ☐ Yes ☑ No   ☑ **MONEY DEMANDED IN COMPLAINT:** $ 300,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Fair Credit Reporting Act 15 U.S.C. Sec. 1681

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault; Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☑ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Accommodations | | ☐ 840 Trademark |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| | ☐ 240 Torts to Land | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s):

**FOR OFFICE USE ONLY:**  Case Number: ED CV 12-1837

---

CV-71 (07/05)    CIVIL COVER SHEET    Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

VIII(b). RELATED CASES: Have any cases been previously filed that are related to the present case? ☑ No  ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
   Riverside, California

List the California County, or State if other than California, in which EACH named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
   EXPERIAN - Ohio
   EQUIFAX - GEORGIA
   DISCOVER - Delaware
   SST/CIGPF1CORP - Missouri

List the California County, or State if other than California, in which EACH claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
   Los Angeles County

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Robert F. Brennan_   Date ___Oct. 23, 2012___

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |