UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **EDCV 12-1837-TJH (OPx)** | Date | **December 13, 2013** |
|---|---|---|---|
| Title | **Fred J. Peters v. Equifax Information Services, LLC et al.** | | |

| Present: The Honorable | Oswald Parada, United States Magistrate Judge | | |
|---|---|---|---|
| Danalyn Castellanos | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** ORDER RE: MOTION TO COMPEL PRODUCTION OF SETTLEMENT AGREEMENTS (ECF No. 43)

# I.
# Proceedings

On October 18, 2013, the parties filed a Joint Stipulation Re: Motion by Defendant Discover Bank to Produce Settlement Agreements Entered Into with Co-Defendants, along with supporting declarations and exhibits. (ECF Nos. 43, 44.) On October 30, 2013, Defendant Discover Bank filed a Supplemental Memorandum in Support of the Motion to Compel. (ECF No. 49.) The discovery cut-off in this matter was August 30, 2013. (ECF No. 30.)

On November 7, 2013, the Court denied the Motion to Compel without prejudice as untimely. (ECF No. 61.) On November 21, 2013, District Judge Hatter granted Defendant's Ex Parte Application to have the Motion to Compel heard beyond the discovery cut-off date. (ECF Nos. 71, 85.) The Court finds this matter suitable for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. Thus, the hearing date set for Friday, December 20, 2013, at 11:00 a.m. is hereby vacated.

/ / /
/ / /
/ / /
/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 12-1837-TJH (OPx) | Date | December 13, 2013 |
|---|---|---|---|
| Title | Fred J. Peters v. Equifax Information Services, LLC et al. | | |

## II.
## Discussion

**A.  Legal Standards.**

The scope and limitations of discovery are set forth by the Federal Rules of Civil Procedure and Evidence.  Rule 26 provides in pertinent part that:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1).

Rule 33 of the Federal Rules of Civil Procedure governs requests for responses to interrogatories.  The responding party must serve its answers and any objections to the interrogatories in writing within thirty days after being served with the interrogatories.  Fed. R. Civ. P. 33(b)(2), (3).  Any objections to the interrogatories must be stated with specificity, and any objection not stated in a timely manner is waived unless the court finds good cause to excuse to failure to timely respond.  Fed. R. Civ. P. 33(b)(4).

Rule 34 governs requests for production of documents, electronically stored information, and tangible things.  Upon receiving a request for production, the party to whom the request is directed must respond in writing within thirty days.  Fed. R. Civ. P. 34(b)(2)(A).  Any objections to a request must provide the reasons for the objections.  Fed. R. Civ. P. 34(b)(2)(B).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **EDCV 12-1837-TJH (OPx)** | Date | **December 13, 2013** |
|---|---|---|---|
| Title | **Fred J. Peters v. Equifax Information Services, LLC et al.** | | |

Rule 37 allows for the filing of a motion to compel if a party fails to provide answers to interrogatories, fails to respond to a request for production of documents, or a deponent fails to answer a question. Fed. R. Civ. P. 37(a)(3)(B). A failure to respond to an interrogatory or a request for production of documents is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c). Fed. R. Civ. P. 37(d)(2). Sanctions in the form of attorney's fees must be imposed for failure to serve answers to interrogatories, failure to comply with requests for production, or failure to appear at a properly noticed deposition, unless the failure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(d)(3).

Trial courts have broad discretion in granting or denying discovery. <u>Santos ex rel. Santos v. City of Culver City</u>, 228 Fed. App'x 655, 657 (9th Cir. 2007) (citation omitted) (internal quotation marks omitted) ("broad discretion is vested in the trial court to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant.").

**B.      Background.**

Plaintiff claims that his former employee, Rebecca Markham, made unauthorized charges on his credit card accounts. In this action, Plaintiff alleges that Experian, Equifax, SST, and Discover ("Defendants") violated various federal and state statutes based on credit reporting and collection activity relating to the alleged unauthorized activity by Ms. Markham. Specifically, Plaintiff contends that all Defendants violated the Fair Credit Reporting Act ("FCRA") and that Defendants Discover and SST also violated the California Consumer Credit Reporting Agencies Act ("CCRA"), the California Identity Theft Law (California Civil Code section 1798.92, et seq.), and the California Rosenthal Act (California Civil Code section 1788.18). Plaintiff contends that Defendants jointly caused more than $200,000 in actual damages sustained by his business. (ECF No. 43 at 2.)
/ / /
/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **EDCV 12-1837-TJH (OPx)** | Date | **December 13, 2013** |
|---|---|---|---|
| Title | **Fred J. Peters v. Equifax Information Services, LLC et al.** | | |

### C.  Motion to Compel.

Defendants SST, Experian, and Equifax each settled and have been dismissed from this action. (ECF Nos. 36-37, 39-40.) Defendant Discover requested, during the continued deposition of Plaintiff on August 27, 2013, and again at the deposition of Plaintiff's expert, Thomas Tarter, on September 25, 2013, that Plaintiff provide information relating to any settlement agreements with the other Defendants. In addition, Defendant Discover requested that Plaintiff supplement his responses to Defendant's interrogatories and requests for production of document relating to damages to include the settlement agreements and information from the aforementioned settlement agreements. Plaintiff has not provided any information relating to the settlement agreements, claiming that the information is not relevant and is confidential. Defendant Discover contends that the settlement agreements are relevant and that any issues of confidentiality may be addressed through the protective order that was previously entered in this matter.[1] Specifically, Defendant contends the agreements are relevant for several different reasons, including to properly determine the scope and amount of actual damages alleged against Defendant Discover relating to Plaintiff's business (that Plaintiff contends were caused by all Defendants), the credibility of Plaintiff and his expert, whether the agreements affect ongoing credit reporting damages, and to permit the parties to properly evaluate potential exposure and settlement. (ECF No. 43 at 1, 2.)

### D.  Analysis.

The Ninth Circuit has recognized that many courts have granted protective orders to protect confidential settlement agreements. <u>Phillips ex rel. Estates of Byrd v. Gen. Motors Corp</u>, 307 F.3d 1206, 1212 (9th Cir. 2002) (citing <u>Hasbrouck v. Bank America Hous. Serv.</u>, 187 F.R.D. 453, 455 (N.D. N.Y. 1999); <u>Kalinauskas v. Wong</u>, 151 F.R.D. 363, 365-67 (D. Nev. 1993)). In addition, some courts have specifically held in the settlement context that the burden is on the requester to make a particularized and/or

---

[1] Defendant Experian opposes Defendant Discover's pending Motion to Compel. Defendant Equifax objects to the production of its confidential settlement agreement. Defendant SST intends to honor the confidentiality agreement. (ECF No. 43 at 9.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 12-1837-TJH (OPx) | Date | December 13, 2013 |
|---|---|---|---|
| Title | Fred J. Peters v. Equifax Information Services, LLC et al. | | |

heightened showing that the settlement information sought is relevant and likely to lead to admissible evidence.  Centillion Data Sys., Inc. v. Ameritech Corp., 193 F.R.D. 550, 552-53 (S.D. Ind. 1999) (citations omitted).  A "strong public policy favoring settlement of disputed claims dictates that confidentiality agreements regarding such settlements not be lightly abrogated."  Thomasian v. Wells Fargo Bank, N.A., No. 03:12-cv-01435-HU, 2013 WL 4498667, at *2 (D. Or. Aug. 22, 2013) (quoting Flynn v. Portland Gen. Elec. Corp., 1989 WL 112802, at *2 (D. Or. Sept. 21, 1989)).

In Thomasian, the plaintiff sued Wells Fargo Bank N.A. and the three major credit reporting agencies, Trans Union, Experian, and Equifax, for violations of the FCRA.  The plaintiff sought economic and non-economic damages, statutory damages, punitive damages, and statutory attorney's fees.  The specific allegations of damages initially were identical as to all four defendants, i.e., denials of credit, worry, fear, distress, frustration, damage to reputation, embarrassment, humiliation, and lost opportunity to obtain credit.  The plaintiff later clarified during discovery that she was not seeking the same damages (i.e., damages for the same conduct) from all of the defendants.  Rather, she was seeking the same types of damages from all of the defendants.  Id. at *1.

The plaintiff settled her claims with all three of the credit reporting agencies.  The remaining defendant, Wells Fargo, moved to compel production of the settlement agreements between the plaintiff and the credit reporting agencies, claiming the documents were relevant to (1) whether (or the extent to which) the plaintiff had already been compensated for any portion of the actual damages she claims against the remaining defendants, (2) the amount of attorney fees that the plaintiff's attorney had already recovered in this action, and (3) the potential bias or prejudice of the settling defendants as witnesses in the action.  The court found that Wells Fargo had not met its burden to justify disclosure of the settlement agreements for the purposes stated.  Id. at *1, *2.

On the issue of damages, Wells Fargo argued that it was entitled to an offset from any jury award against it for non-economic damages the plaintiff already obtained from the settling defendants.  The court found that the offset issues, if there were any, would not be presented to the jury, and could be handled post-trial by the trial judge, as necessary.  Id. at *2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 12-1837-TJH (OPx) | Date | December 13, 2013 |
|---|---|---|---|
| Title | Fred J. Peters v. Equifax Information Services, LLC et al. | | |

On the issue of attorney's fees, Wells Fargo argued there was a potential of double recovery by Thomasian for time spent by her attorneys in obtaining duplicate damages from all four defendants for the same claimed conduct. The court found that the issue of attorney's fees was also an issue for the trial judge to resolve post-trial, if applicable. Id.

On the issue of potential bias or prejudice by witnesses for the settling defendants if they testify at trial, the court found that the trial judge could review the settlement documents in camera and determine whether the settlement documents should be disclosed to reveal evidence of witness bias. Id. at *3.

Here, Defendant Discover raises similar arguments as those raised in Thomasian, i.e., the confidential settlement agreements are relevant to properly determine the scope and amount of actual damages alleged against Defendant Discover relating to Plaintiff's business (that Plaintiff contends were caused by all Defendants), the credibility of Plaintiff and his expert, whether the agreements affect ongoing credit reporting damages, and to permit the parties to properly evaluate potential exposure and settlement. (ECF No. 43 at 1, 2.)

As to the issues of damages and credibility, the Court agrees with the approach taken in Thomasian. Any issue of double recovery or excess recovery can be resolved post-trial. As for the issue of credibility of Plaintiff, his expert, or the other Defendants who may be called as witnesses, that issue can also be resolved by an in camera review of the settlement agreements at trial, if needed.

As for Defendant's contention that the settlement agreements are relevant to permit the parties to properly evaluate potential exposure and settlement, Defendant relies on City and Cnty. of S.F. v. Tutor-Saliba Corp., 218 F.R.D. 219, 221 (N.D. Cal. Oct. 2, 2003). (ECF No. 43 at 14.) However, that case did not involve the disclosure of confidential settlement agreements. Thus, the Court does not find the case persuasive.

Accordingly, the Court finds that Defendant Discover has failed to make a particularized and/or heightened showing required to obtain the settlement information. Centillion Data Sys., Inc., 193 F.R.D. at 552-53. Thus, the denial of the Motion to Compel is warranted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | EDCV 12-1837-TJH (OPx) | Date | December 13, 2013 |
|---|---|---|---|
| Title | Fred J. Peters v. Equifax Information Services, LLC et al. | | |

# III.
# Conclusion

Based on the foregoing, the Court DENIES Defendant Discover's Motion to Compel. (ECF No. 43.)

**IT IS SO ORDERED.**

cc: All Parties of Record

_____ : _____

Initials of Preparer