1
2
3
4
5
6
7
8
9
10
11

# United States District Court
## Central District of California
### Western Division

12  FRED J. PETERS,                           ED CV 12-01837 TJH (OPx)

13              Plaintiff,

14      v.
                                             Order
15  EQUIFAX INFORMATION                      [JS-6]
    SERVICES LLC., *et al*.
16
                Defendants.
17

18

19      The Court has considered Defendant Discover Bank's motion for summary

20  judgment or, in the alternative, partial summary judgment, together with moving and

21  opposing papers.

22      The Fair Credit Reporting Act imposes duties on both credit reporting agencies

23  and the sources that provide credit information to credit reporting agencies.  15 U.S.C.

24  §§ 1681-1681x.  Private enforcement of the obligations imposed on sources is limited

25  to those obligations found in § 1681s-2(b).  *Gorman v. Wolpoff & Abramson, LLP*, 584

26  F. 3d 1147, 1154 (9th Cir. 2009).  Upon receipt of notice of a consumer dispute from

27  a credit reporting agency, a source must review the information provided by the credit

28  reporting agency, and conduct a reasonable investigation to determine whether the

1  disputed information is accurate.  15 U.S.C. § 1681s-2(b)(1)(A).

2  It is undisputed that Discover's § 1681s-2(b) obligations were triggered.  Thus,
3  whether summary judgment should be granted turns on whether Discover conducted a
4  reasonable investigation with respect to the disputed information provided by the credit
5  reporting agency.  Whether a source's investigation was reasonable is determined in
6  light of what the source learned about the nature of the dispute from the description of
7  the dispute contained in the credit reporting agency's notice of dispute.  *Gorman*, 584
8  F. 3d at 1157.

9  The Rosenthal Act requires that, upon notice of identity theft, a debt collector
10  must cease collection activities until the debt collection makes a good faith determi-
11  nation that the debt is not the result of identity theft.§ 1788.18(a)-(i).  Discover sent
12  Peters one letter, requesting that Peters pay $607.00, far less than the $1,600.00 in
13  legitimate charges Peters admits he made.

14  California's Identity Theft Law allows a person to bring an action against any
15  person who claims, or purports to have a claim, against that person for a debt procured
16  through identity theft.  Cal. Civ. Code § 1798.92-1798.97.  Peters does not allege that
17  Discover claims more than the amount Peters admits he made in legitimate charges.

18  Peters objects to, and moves to strike, Discover's business records custodian's
19  declaration.  Fed. R. Civ. P. 12(f) states that a court may strike from a pleading an
20  insufficient defense or any redundant, immaterial, impertinent, or scandalous  matter.
21  Peters argues that the custodian lacks the personal knowledge to lay the foundation for
22  the business records referenced, and therefore, Discover can not meet the hearsay
23  exception for business records.  However, the documents are admissible under Fed. R.
24  Evid. 803(6).

25

26  It is Ordered that the Motion for summary judgment for all claims, be, and
27  hereby is, Granted.

28  . . . . . . .

1        It is further Ordered that Defendant's motion to strike Plaintiff's evidence

2 offered in support of Plaintiffs opposition to the motion for summary judgment, be, and

3 hereby is, Denied.

4

5        It is further Ordered that Plaintiff's motion to strike Defendant's declaration

6 offered in support of the motion for summary judgment, be, and hereby is, Denied.

7

8 Date: March 7, 2014

9 _____

10                 Terry J. Hatter, Jr.

11           Senior United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28